ALVAN CARTER, SHERIFF, *v.* H. W. W. MILLER, & JONA- <span>WASHINGTON, *March,* 1840.</span>
THAN P. MILLER.

In the case of a poor debtor, confined on execution to the jail limits, when admitted to the benefits of the oath prescribed for such debtors, if the jail commissioners, in the certificates delivered to the sheriff and to the debtor, state that the creditor was notified and that the debtor was admitted to the oath, this will afford a sufficient excuse for the debtor's departing the liberties.

In such case, if the jail commissioners certify in one certificate that the creditors did attend, and in the other that they did not, this will not render the discharge irregular.

DEBT on jail bond.

In the county court the defendants pleaded in bar the discharge of H. W. W. Miller, the principal in the bond, by the commissioners of jail delivery. The issue was put to the court by agreement of the parties. On the trial it appeared that the certificate of the commissioners, delivered to the debtor, stated that the creditors did *not* attend, while the one delivered to the sheriff stated that they *did* appear. The certificates, in other respects, were alike, and both stated that the creditors were duly notified.

The county court decided that the certificates were sufficient and conclusive evidence of the discharge, and rendered judgment for the defendants; to which the plaintiff excepted.

*G. B. Manser*, for the plaintiff, cited.—*Pingry* v. *Washburn*, 1 Aikens' R. 264. *Dean* v. *Lowry*, 4 Vt. R. 481. *Allen* v. *Hall*, 8 Vt. R. 34.

*H. W. Heaton*, for defendants.

The opinion of the court was delivered by

REDFIELD, J.—In the present case, the court do not perceive any question of doubt, except that which arises from the discrepancy between the certificate, which the jail commissioners delivered to the sheriff, and that which they delivered to the debtor. In both certificates, it is stated, that the creditors were notified, but in one that they "did appear," and in the other that they "did *not* attend." It is difficult to conjecture how any such contradiction should have occurred; but at the same time we cannot perceive how it is important. It is fully stated, that the creditors were notified,

WASHINGTON,
March,
1840.

Carter
v.
Millers.

and this gave the commissioners full jurisdiction, both of the case and the parties. It was then wholly unimportant whether the creditors " did" or " did not attend." *Dean* v. *Lowry*, 4 Vt. R. 481. *Raymond* v. *Sutherland*, 3 Vt. R. 505. As, then, the certificates of the jail commissioners are conclusive in regard to the discharge, in a case where they have jurisdiction, their effect cannot be defeated by their omitting to certify a merely formal and unimportant matter, like that in the present case of the attendance of the creditors. And if it might have been wholly omitted, it surely cannot be worse for being certified in this contradictory manner. Had the certificates been defective or informal in regard to the fact of *notice*, the question of attendance might then have become important. And in that case the attendance of the creditors, being certified in this contradictory manner, would hardly supply any want of notice.

In the present case, as the certificate delivered to the sheriff was, by itself alone, perfect and formal, it would seem that the debtor was at liberty to depart from the prison limits, and " neither the sheriff nor (the debtor's) bail had any further control over him." Such is the language of Ch. J. Williams in the case *Raymond* v. *Sutherland*. But it is not necessary to consider that point.

Judgment affirmed.